

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 15 2018

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STATE FARM LLOYDS, §
§
        Plaintiff, §
§
VS. § NO. 4:17-CV-753-A
§
JANET RICHARDS, ET AL., §
§
        Defendants. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, State Farm Lloyds, and the cross-motions of defendants Janet Richards ("Janet") and Melvin Richards ("Melvin")(together, "Richards") and defendant Amanda Culver Meals ("Meals") for summary judgment. The court, having considered the motions, the responses, the replies, the record, including the summary judgment evidence, and applicable authorities, finds that plaintiff's motion should be granted and defendants' motions denied.

I.

### Nature of the Action

This is a declaratory judgment action in which plaintiff seeks a declaration that it does not have a duty to defend or indemnify the Richards in a lawsuit filed against them by Meals arising out of the death of her minor son, Jayden Meals ("Jayden"). Plaintiff issued to the Richards a homeowners policy, Number 85-CC-J569-6 (the "policy"), effective March 20, 2017,

through March 20, 2018. The operative pleading is plaintiff's first amended complaint filed January 25, 2018. Doc.[1] 32. In it, plaintiff alleges:

On or about June 11, 2017, Jayden, age 10, was operating a 2004 Polaris off-road all-terrain vehicle ("ATV") owned by Janet. Jayden was Meals's son and the Richards's grandson. The Richards were responsible for Jayden on that day. Doc. 23, ¶ 8. The Richards allowed Jayden to operate the ATV without wearing a helmet or safety gear and without instruction or supervision. Id. ¶ 9. On Iriquois Trail in Parker County, a paved roadway, near the Richards's residence, Jayden flipped the ATV and died from injuries he sustained. Id. ¶ 10. On or about January 12, 2018, Meals filed her third amended petition in Cause No. CV17-0817 in the District Court of Parker County, Texas, 43rd Judicial District, against the Richards (the "underlying action"). Id. ¶ 11. Meals alleges that the Richards negligently caused Jayden's death. Id. ¶¶ 12-13. The Richards have made demand on plaintiff to defend them in the underlying action and to indemnify them for any liability. Id. ¶ 14.

Plaintiff alleges that certain exclusions of the policy apply to cause there to be no duty to defend or to indemnify the

---

[1]The "Doc.__" reference is to the number of the item on the docket in this action.

Richards in the underlying action. Specifically, plaintiff points

to exclusion 1(e), which reads:

> 1. Coverage L and Coverage M do not apply to:
> . . .
>> e. bodily injury or property damage arising
>> out of the ownership, maintenance, use,
>> loading or unloading of:
>>> . . .
>>> (2) a motor vehicle owned or
>>> operated by or rented or loaned to
>>> any insured . . .

Doc. 32 at ¶ 16. And exclusion 1(h), which reads:

> 1. Coverage L and Coverage M do not apply to:
> . . .
>> h. bodily injury to you or any or any
>> insured within the meaning of part a. or b.
>> of the definition of insured.

Doc. 32 at ¶ 17. Plaintiff says that these exclusions apply

because Jayden's bodily injury arose out of the use of the ATV

while off an insured location and because Jayden was an insured

under the policy. Id. at ¶ 18.

## II.

## Grounds of the Motions

Plaintiff says that the policy exclusions cause there to be

no duty to defend or indemnify the Richards. The Richards, in

turn, and Meals contend that the matter of duty to defend and

duty to indemnify cannot be determined until the underlying

action is concluded.

III.

## Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides
that the court shall grant summary judgment on a claim or defense
if there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law.  Fed. R. Civ.
P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247
(1986).  The movant bears the initial burden of pointing out to
the court that there is no genuine dispute as to any material
fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial."  Id. at 323.
Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its
case.  Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials in
the record . . . .").  If the evidence identified could not lead
a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

The policy contains personal liability limits of $300,000.00. Doc. 46 App. 0002. It provides that "[i]f a claim is made or a suit is brought against an insured for damages because

---

[2]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

of bodily injury . . . to which this coverage applies, caused by an occurrence, [plaintiff] will [] pay up to [its] policy limits of liability for the damages for which the insured is legally liable." Id. at App. 0046. And, plaintiff will "provide a defense at [its] expense by counsel of [its] choice." Id. Thus, for an obligation on the part of plaintiff to arise, there must be a claim made or suit brought because of bodily injury caused by an occurrence as defined in the policy.

In this respect, the policy at issue here is unlike those typically at issue in Texas cases where the duty to defend is defined more broadly than the duty to indemnify. Those cases, in which an insurance policy provides that the insurer must defend any suit brought against its insured "even if the allegations of the suit are groundless, false or fraudulent," rely upon the eight-corners or complaint-allegation rule to determine the duty to defend. See Northfield Ins. Co. v. Loving Home Care, Inc., 363 F.3d 523, 528 (5th Cir. 2004); GuideOne Elite Ins. Co. v. Fielder Road Baptist Church, 197 S.W.3d 305, 308 (Tex. 2006). Pursuant to that rule, an insurer's duty to defend is determined by the allegations in the third-party plaintiff's pleadings and the language of the insurance policy at issue. Courts do not go outside the pleadings of the underlying suit except in narrow circumstances where the court is determining a pure coverage

6

question that may be determined by facts that do not contradict the merits of the underlying claim. GuideOne, 197 S.W.3d at 310. See Doc. 45 at 7-8, n.36 (citing numerous cases).

In this case, the policy does not require plaintiff to defend all actions against its insured no matter if the allegations of the suit are groundless, false or fraudulent. Rather, the duty to defend arises only if suit is brought to which the coverage applies. Doc. 46 at App. 0046. Thus, the eight-corners rule is not applicable, B. Hall Contracting, Inc. v. Evanston Ins. Co., 447 F. Supp. 2d 634, 645 (N.D. Tex. 2006), rev'd on other grounds, 273 F. App'x 310 (5th Cir. 2008), and plaintiff contends that the court can consider evidence outside Meals's pleading to determine whether the Richards's policy provides coverage for Meals's claims. Plaintiff does not contest the facts pleaded by Meals; rather, it says that additional facts show that there is no coverage. Doc. 45 at 10.

The policy defines "bodily injury" as "physical harm to a person." Id. at 0032. "Occurrence" is defined as "an accident . . . which results in: [] bodily injury." Id. at 0021. As stated, supra, excepted from coverage is "bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of: . . . . a motor vehicle owned or operated by or rented or loaned to any insured." Id. at 0048. Also excepted is

"bodily injury to you or any insured within the meaning of part a. or b. of the definition of insured." Id. at 0049.

With regard to the first exclusion at issue, the term "motor vehicle" is defined to include a recreational vehicle--a motorized vehicle designed for recreation principally off public roads, including all terrain vehicles--while off an insured location. Id. at 0021. "Insured location" means the "residence premises," which is defined as the "one, two, three or four-family dwelling, other structures and grounds . . . where [the insureds] reside and which is shown in the Declarations." Id. at 0033. The declarations show that the Richards are insureds and their residence premises is located at 7213 Horseshoe Bend Trail, Weatherford, Texas. Id. at 0002. Plaintiff contends that because Jayden was injured and died at a place "off an insured location," there is no coverage under the policy.

Here, there is no question that the ATV is a motor vehicle as defined in the policy. Further, the Richards's responses to requests for admission admit that Jayden was off the residence premises when he flipped the ATV and suffered injuries resulting in his death. Doc. 46 at App. 0116. The vehicle crash records of the Texas Department of Transportation also show that Jayden's death occurred off the insured premises. Id. at 0144-46. That the alleged negligence occurred on the premises does not change the

fact that the injury occurred off the premises.[3] As in Lincoln Gen. Ins. Co. v. Reyna, the claim for damages would not have arisen but for the crash off the premises. 401 F.3d 347, 354-55 (5th Cir. 2005). See also Markel Int'l Ins. Co. v. Urban, LLC, No. SA-08-CA-160-OG, 2008 WL 11276681 (W.D. Tex. Nov. 20, 2008); Fidelity & Guar. Ins. Underwriters, Inc. v. McManus, 633 S.W.2d 787, 788-90 (Tex. 1982). Thus, there is no duty to defend as there is no coverage.

Plaintiff additionally relies on the exception to coverage for bodily injury to any insured within the meaning of the policy, arguing that Jayden was an insured at the time of his death. Pursuant to the policy:

> "insured" means you and, if residents of your household:
> a. your relatives; and
> b. any other person under the age of 21 who is in the care of a person described above.

Doc. 46 at App. 0032. In Texas, a minor child may have more than one residence.[4] Easter v. Providence Lloyds Ins. Co., 17 S.W.3d 788, 791 (Tex. App.--Austin 2000, pet. denied); Hartford Cas.

---

[3]As in B. Hall Contracting, the court notes that plaintiff does not dispute the facts alleged by Meals. It simply provides other facts to establish that there is no coverage under the policy, which is a permissible exception to the eight-corners rule. B. Hall Constracting, Inc. v. Evanston Ins. Co., 447 F. Supp. 2d 623, 646-47 (N. D. Tex. 2006), rev'd on other grounds, 273 F. App'x 310 (5th Cir. 2008). That is, even if the eight-corners rule were to be applicable, the same result would obtain. See Nautilus Ins. Co. v. Tex. State Sec. & Patrol, No. SA-09-CA-390-OG, 2010 WL 3239157 (W.D. Tex. June 8, 2010).

[4]Thus, the evidence that Jayden also resided with Janet does not contradict Meals's allegations in the underlying action.

Ins. Co. v. Phillips, 575 S.W.2d 62, 63-64 (Tex. Civ. App.-
Texarkana 1978, no writ). Courts look to the child's relationship
to the household, the nature of the child's stay, and the intent
of the parties. Allstate Tex. Lloyd's v. Carr, No. Civ. A. H-05-
1141, 2006 WL 305512, at *1 (S.D. Tex. Feb. 8, 2006); Easter, 17
S.W.3d at 790.

In this case, Jayden was the grandson of the Richards. He
was the subject of an order in suit to modify parent-child
relationship in Case No. CIV-12-0327 in County Court at Law
Number One of Parker County, Texas (the "order"). Doc. 46 at
App.0122-43. The order appointed Janet as joint managing
conservator along with Meals. Id. at 0123. And, the order gave
Janet the right to possession of Jayden on the second and fourth
weekends of each month. Id. at 0129-30. Jayden's accident
occurred on the second weekend of the month of June 2017, at a
time that the order gave Janet the right to possession.[5] Thus,
Jayden met the definition of an insured under the policy at the
time of his death. He was Janet's grandson; he was in her care
pursuant to the order; and, the order reflects the intent of the
parties that Janet would have the right to possession of Jayden
at the time, which right included "the duty of care, control,

---

[5]The Richards and Meals do not contest that this is so and the court can take judicial notice that
June 11 fell on the second weekend of the month of June in 2017.

10

protection, and reasonable discipline" and "the duty to support [Jayden], including providing [him] with clothing, food, shelter, and medical and dental care." Id. at 0127.

Finally, the duty to indemnify is justiciable before the insured's liability is determined where the insurer has no duty to defend and the same reasons that negate that duty likewise negate any possibility that the insurer will have a duty to indemnify. Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 84 (Tex. 1997). That is the case here, where the language of the policy makes the duty to defend and the duty to indemnify coextensive. See B. Hall Contracting, 447 F. Supp. 2d at 645. For the reasons discussed, plaintiff has no duty to defend the Richards in the underlying action. The policy simply does not provide coverage. Therefore, plaintiff has no duty to indemnify the Richards for any damages awarded in the underlying action.

V.

Order

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, granted, and that defendants' motions for summary judgment be, and are hereby, denied.

The court ORDERS and DECLARES that plaintiff does not owe to the Richards a duty to defend them or to indemnify them in the underlying action.

SIGNED May 15, 2018.

JOHN McBRYDE
United States District Judge